# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3656 | **DATE** | 12/16/2003 |
| **CASE TITLE** | Sherry G. Childress, et al. vs. Ford Motor Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____ .
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .
(7) ☐ Trial[set for/re-set for] on _____ at _____ .
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant's motion to Transfer Venue (5) is granted. This action is transferred to the Western District of Missouri. Enter memorandum and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | DEC 17 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 18 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 03 DEC 15 PM 11:09 | | |
| SLB | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SHERRY G. CHILDRESS and )
GEORGE J. CHILDRESS, )
       Plaintiffs, )
)   Case No. 03 C 3656
v. )
)   District Judge George W. Lindberg
FORD MOTOR COMPANY, a corporation, )
)
       Defendant. )

DOCKETED
DEC 17 2003

## MEMORANDUM AND ORDER

On March 4, 2003, Plaintiffs Sherry G. Childress and George J. Childress filed an action in the Circuit Court of Cook County, Illinois against Defendant Ford Motor Company. Plaintiffs' complaint included both product liability and negligence claims arising out of an automobile accident that occurred near Jasper, Missouri. In turn, Defendant filed a notice of removal on May 29, 2003, and the case was subsequently removed to this Court. Defendant has now filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Defendant's motion seeks entry of an order transferring Case No. 03 C 3656 to the United States District Court for the Western District of Missouri. For the following reasons, Defendant's motion is granted.

*Opinion*

28 U.S.C. § 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is well-established that "a court may transfer a civil action to another district when: (1) venue is proper in both the transferor and transferee courts; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." *Chukwu v. Air France*, 218 F. Supp. 2d 979, 988 (N.D. Ill. 2002) (citation omitted); *Heller*

18

*Fin., Inc. v. Ohio Sav. Bank*, 158 F. Supp. 2d 825, 830 n.2 (N.D. Ill. 2001). The evaluation and weighing of these factors are matters committed to this Court's sound discretion. *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986); *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999).

I. **Venue is Proper in Both the Northern District of Illinois and Western District of Missouri**

28 U.S.C. § 1391(a) provides, in pertinent part, that

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides..., (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred..., or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). Moreover, § 1391(c) states that "[f]or purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c).

A. **Northern District of Illinois**

Defendant concedes in its memorandum that it is subject to personal jurisdiction in Illinois. ("Ford does not deny that it is subject to personal jurisdiction in Illinois.") Therefore, venue is proper in the Northern District of Illinois. *See* 28 U.S.C. § 1391(a), (c). This conclusion is not contested by Plaintiffs.

B. **Western District of Missouri**

Venue is also proper in the Western District of Missouri. It is clear from Plaintiffs' complaint that "a substantial part of the events or omissions giving rise to [Plaintiffs' state-law

2

claims] occurred" in the Western District of Missouri. Both Plaintiffs and Defendant concede as much in their briefs.

Furthermore, Defendant is subject to the personal jurisdiction of that District. Defendant apparently concedes jurisdiction in Missouri, as it seeks to transfer the case to that district. Perhaps even more telling, Defendant's memorandum unequivocally states that "Missouri is the proper venue for trial of this matter as the accident occurred there, and Ford does business there." A review of the facts in this case in light of the obvious realities concerning Defendant's business practices leads to the conclusion that Defendant is subject to personal jurisdiction in Missouri. This conclusion is supported by case law. *See, e.g., Sales Serv. Inc. v. Daewoo Int'l (Am.) Corp.*, 719 F.2d 971, 972 (8th Cir. 1983) ("In order to subject [a non-resident corporation] to the personal jurisdiction of the Missouri courts, [that corporation's] contacts with the forum state must satisfy the requirements of Missouri's long-arm statute and the due process requirement of 'minimum contacts.'") (citations omitted); *Divine/Whittman-Hart, Inc. v. King*, No. 02-2486, 2002 WL 1611585, at *4 (N.D. Ill. July 22, 2002) (collecting cases discussing federal due process standards); *Missouri ex rel. Nixon v. Beer Nuts, Ltd.*, 29 S.W.3d 828, 834 (Mo. Ct. App. 2000) ("a corporation subjects itself to legal action in the State of Missouri if it transacts any business within the State or enters into a contract within the State") (citation omitted). Because neither party disputes this conclusion (or even addresses it for that matter), this Court finds that venue in the Western District of Missouri is proper under § 1391.

## II. Transfer is for the Convenience of the Parties and Witnesses

When evaluating the convenience of the parties and witnesses, this Court considers: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access

to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums." *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc.*, 200 F. Supp. 2d 941, 946 (N.D. Ill. 2002) (citation omitted); *Millennium Prods. Inc. v. Gravity Boarding Co.*, 127 F. Supp. 2d 974, 980 (N.D. Ill. 2000). The Court will also take into account the parties' residences. *Moore v. AT&T Latin Am. Corp.*, 177 F. Supp. 2d 785, 789 (N.D. Ill. 2001) (citation omitted). With respect to its transfer motion, Defendant bears the burden of establishing that the Western District of Missouri is the more convenient forum. *See Allied*, 200 F. Supp. 2d at 946; *Gravity*, 127 F. Supp. 2d at 980. Here, Defendant has satisfied its burden.

### A. Plaintiffs' Choice of Forum and Situs of Material Events

Generally, a plaintiff's choice of forum carries "substantial weight..., particularly where it is also the plaintiff's home forum." *Clear Channel Outdoor, Inc. v. Rubloff Oakridge Algonquin, L.L.C.*, No. 03-3063, 2003 WL 22382999, at *3 (N.D. Ill. Oct. 16, 2003) (citation and internal quotation marks omitted). However, the deference afforded the plaintiff's choice is minimized where the plaintiff does not reside in her chosen forum. *See H.B. Sherman Mfg. Co. v. Rain Bird Nat'l Sales Corp.*, 979 F. Supp. 627, 630 (N.D. Ill. 1997) ("Where...the plaintiff is not a resident of the forum district, this factor is given no additional weight and is merely another factor to consider along with the others.") (citation omitted); *Hess v. Gray*, 85 F.R.D. 15, 24 (N.D. Ill. 1979). This deference is further minimized "where the plaintiff's choice of forum is not the site of material events...." *Friskit, Inc. v. Realnetworks, Inc.*, No. 03-4505, 2003 WL 22433106, at *1 (N.D. Ill. Oct. 24, 2003) (citation omitted); *Boyd v. Snyder*, 44 F. Supp. 2d 966, 970 (N.D. Ill. 1999) ("When the conduct and events giving rise to the cause of action did not take place in the plaintiff's selected forum, the plaintiff's preference has minimal value even if it is his home forum.") (citations

4

and internal quotation marks omitted).

Here, Plaintiffs concede that they resided in Indiana both at the time of the automobile accident and at the time the suit was filed. Therefore, the Northern District of Illinois is not their home forum. That fact belies Plaintiffs' argument that their choice of forum must be afforded substantial deference. Moreover, both parties acknowledge that the accident occurred in Missouri and, therefore, the "site of material events" lies in Missouri. This fact further minimizes the deference afforded to Plaintiffs' choice of forum. When weighed against the factors discussed below, the deference afforded Plaintiffs' choice of forum under the present circumstances is insufficient to justify adjudicating the case in this Court.

**B.   Relative Ease of Access to Sources of Proof and Convenience of Witnesses**

Because the automobile accident at issue occurred in Missouri, almost all of the material witnesses concerning liability reside in Missouri. Indeed, the attending law enforcement officers, towing personnel, medical and emergency personnel, and one of two eyewitnesses to the accident (notably, the only eyewitness not related to Plaintiffs) all reside in Missouri. Although it may be possible to secure the testimony of these witnesses through the use of depositions, live testimony is greatly preferred. *Household Fin. Servs., Inc. v. Prestige Fin. Servs. Corp.*, No. 99-1756, 1999 WL 608705, at *2 n.8 (N.D. Ill. Aug. 6, 1999) ("Live witness testimony is superior to either printed or taped depositions."); *Sky Valley Ltd. P'ship v. ATX Sky Valley, Ltd.*, 776 F. Supp. 1271, 1277 (N.D. Ill. 1991) ("The interest of justice is better served by ensuring the presence of live witness testimony. It is well settled that the trier of fact should not be forced to rely on deposition evidence when the deponent's live testimony can be procured.") (citations and internal quotation marks omitted). This preference deserves additional emphasis in this case due to the parties'

disputes concerning material issues of fact, such as (1) the state of Plaintiff Sherry G. Childress at the time of the accident and (2) whether the occupants of the vehicle were wearing seatbelts. Unfortunately, live testimony from the third-party Missouri witnesses could not be ensured if the action were to remain in Illinois because those witnesses are outside the subpoena power of this Court.[1] *See* Fed. R. Civ. P. 45. This fact cuts heavily in favor of transfer. *See Sky Valley*, 776 F. Supp. at 1277.

Although Plaintiffs indicate that they will call Indiana resident Mary Childress to testify about the automobile accident and the injuries sustained therefrom, it is reasonable to conclude that Childress, Plaintiffs' daughter, is more likely to attend trial than the non-party Missouri witnesses who are neither blood relatives of Plaintiffs or employees of Defendant. *See, e.g., American Family Ins. v. Wal-Mart Stores, Inc.*, No. 02-8017, 2003 WL 1895390, at *2 (N.D. Ill. Apr. 17, 2003) ("As a practical matter, it is usually assumed that witnesses within the control of the parties will appear voluntarily. Therefore, more attention should be given to the location of the non-party witnesses and those witnesses not within the control of the parties.") (citation omitted). Additionally, the Court is not persuaded that the non-party, rehabilitative care physicians and therapists that Plaintiffs intend to call as witnesses are likely to provide material testimony on liability issues. Plaintiffs' response brief suggests as much. ("Additionally, many of the Plaintiffs' primary treating physicians (who most likely will have opinions on permanency) are those from...within the Northern District of Illinois.") Indeed, none of these witnesses were present at or near the time of (1) the accident or (2) initial treatment for the resulting injuries. Even though these

---

[1] The fact that a witness outside of this Court's subpoena power, Frank Lenati, has purportedly agreed to travel to this District to testify is of little consequence because the Court has not received any guarantee that he will actually do so.

6

witnesses reside in Illinois and, therefore, appear to be outside of the Western District of Missouri's subpoena power, this Court will lean in favor of ensuring live testimony from the witnesses who can testify about the automobile accident itself and the events and acts following shortly thereafter. At least one other Northern District of Illinois court has ruled in similar fashion. *See Van Horn v. Graves*, No. 01-5186, 2002 WL 27658, at *2 (N.D. Ill. Jan. 10, 2002) ("[Plaintiff] argues...that a larger number of witnesses related to the proof of damages are in Illinois....However, [Plaintiff] fails to acknowledge that in order to present proof of damages there must first be a determination of liability."); *see also True v. Uniroyal, Inc.*, No. 91-6169, 1992 WL 13199, at *2 (N.D. Ill. Jan. 23, 1992).

In light of the significant testimony that will be provided by the non-party Missouri witnesses, it is important to consider which forum will be more convenient for those individuals. *Moore*, 177 F. Supp. 2d at 790 ("One key witness for one party can outweigh many less important witnesses for the other party.") (citation and internal quotation marks omitted). Plaintiffs present no facts to suggest that it will be more convenient for the non-party Missouri witnesses to appear in this District as opposed to the Western District of Missouri. Because the Western District of Missouri is significantly closer to their residences and places of employment, it is only natural to conclude that it will be much more convenient (*e.g.*, less expensive and less of an intrusion on the witnesses' time) for those witnesses to appear there as opposed to here.[2]

---

[2] Plaintiffs cite to *Peterson v. United States Steel Corp.*, 624 F. Supp. 44 (N.D. Ill. 1985) to bolster their arguments. However, *Peterson* may be distinguished. In that case, the court considered a motion to transfer the case from the Northern District of Illinois to the Northern District of Indiana. *Id.* at 45. Although the court denied the motion, it noted that "§ 1404(a) should not be invoked for transfer between courts separated by a short and easily traveled distance since the intent of the statute was to eliminate the real inconvenience which may accrue to parties and witnesses residing a substantial distance from the district where the action is

Finally, any documentary evidence concerning the accident and the medical treatment administered on-scene and shortly thereafter exists in Missouri. Such information could be easily obtained by the parties under the auspices of the Western District of Missouri. More importantly, Plaintiffs present no argument that the parties would be in any better position to obtain access to these documents if the case were to remain in this District.

For all of the above reasons, this Court finds that considerations concerning the relative ease of access to sources of proof and the convenience of the witnesses also weigh heavily in favor of transfer.

### C. Parties' Residences and Convenience to the Parties of Litigating in the Respective Forums

While the Court has little doubt that Plaintiffs' and their counsel would much prefer to litigate this case here in the Northern District of Illinois, that desire does not outweigh the myriad of reasons to transfer the case. None of the parties to this suit reside within the Northern District of Illinois. Whether the case remains here or is transferred, both parties will be forced to litigate the case outside of their "home" jurisdictions. Moreover, neither party has presented any facts to suggest that it will be to Defendant's advantage to litigate the case in the Western District of Missouri. To that end, the Court does not find that transfer is designed to shift any burdens imposed on Defendant to Plaintiffs.

Plaintiffs' response brief provides evidence that Plaintiffs' counsel is more than equipped to litigate this case in the transferee district. For example, Plaintiffs indicate their willingness to retain experts and consultants from across the country to testify and provide analysis

---

brought." *Id.* at 46 (citations omitted). The instant action presents the very circumstances that the *Peterson* court stated § 1404(a) was designed to guard against.

to support Plaintiffs' claims. Additionally, no effort was made to quantify any financial burden that would be placed upon either Plaintiffs or their counsel should the case be transferred. While the Court sympathizes with Plaintiffs' desire to keep the case closer to Indiana in light of the injuries suffered in connection with the accident, that fact alone does not overcome the overwhelming arguments in favor of transfer.

### III. Transfer is in the Interest of Justice

An analysis of the interest of justice "primarily relates to the efficient functioning of the courts." *RBC Mortgage Co. v. Couch*, 274 F. Supp. 2d 965, 971 (N.D. Ill. 2003) (citation omitted). Factors that may be considered include: "(1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each locale; and (4) the relation of each community to the occurrence at issue." *Allied*, 200 F. Supp. 2d at 946 (citation omitted); *Bryant*, 48 F. Supp. 2d at 834. With respect to Defendant's motion, the above-listed factors weigh heavily in favor of transfer.

#### A. Speed at Which Case Will Proceed to Trial

Plaintiffs offer no facts to suggest that resolution of this case will be substantially delayed if the case is transferred to the Western District of Missouri. In fact, Defendant offers statistical evidence that suggests Plaintiffs may actually have their claims tried faster if the case were to be transferred. This factor, therefore, cuts in favor of transfer.

#### B. Familiarity with the Applicable Law

This court takes no position as to which state's law should be applied in resolving Plaintiffs' claims. Given the overwhelming number of factors weighing in favor of transfer, there is no need to address this issue at this time. Nevertheless, it goes without saying that the Court is

confident in the Western District of Missouri's ability to apply the appropriate state law in adjudicating Plaintiffs' claims.

### C. Desirability of Having Case Resolved in Western District of Missouri and Relation of Western District of Missouri to Occurrence at Issue

It is clearly more desirable to have this case resolved in the Western District of Missouri. The automobile accident, injuries, and most of the material events at issue occurred entirely within the Western District of Missouri. Because this controversy arises therein, it follows that the Western District of Missouri and the citizens of Missouri have a compelling interest in resolving the matter. *See also Technical Concepts L.P. v. Zurn Indus., Inc.*, No. 02-5150, 2002 WL 31433408, at *7 (N.D. Ill. Oct. 31, 2002) ("Resolving litigated controversies in their locale is a desirable goal of the federal courts.") (citation and internal quotation marks omitted); *Doage v. Bd. of Regents*, 950 F. Supp. 258, 262 (N.D. Ill. 1997). Moreover, it is irrelevant that Ford transacts business in this District. No argument was presented to support any finding that Ford's business outside of Missouri in any way impacts the resolution of this case. In fact, the vehicle was neither manufactured in Illinois nor purchased in Illinois. Accordingly, this factor cuts heavily in favor of transfer.

*Conclusion*

When weighed against the deference owed to Plaintiffs' choice of forum and Plaintiffs' other arguments to support adjudicating this action in the Northern District of Illinois, the multitude of factors identified and evaluated by this Court clearly and overwhelmingly favor transfer. Accordingly, Case No. 03 C 3656 should be transferred to the Western District of Missouri.

**ORDERED:** Defendant's Motion to Transfer Venue [5] is granted. The Court

orders Case No. 03 C 3656 transferred to the Western District of Missouri.

**DATED:** <u>DEC 1 6 2003</u>  **ENTER:**  _____
HON. GEORGE W. LINDBERG
United States District Judge